PER CURIAM.
¶1 Freeman Earl Bell, Jr., appeals, pro se, from an order of the circuit court denying his second WIS. STAT. § 974.06 (2017-18)[1] postconviction motion. Bell sought a second Machner[2] hearing based on supplemental evidence and new claims. We reject Bell's arguments and affirm the order.
BACKGROUND
¶2 Bell pled guilty to armed robbery with use of force as a party to a crime in 2004 and was sentenced to twenty-five years' initial confinement and eight years' extended supervision. Bell was appointed postconviction counsel and sought sentence modification in a WIS. STAT. § 974.02 motion, which was denied in March 2006. Bell did not pursue a direct appeal as allowed under § 974.02. In 2008, Bell filed another postconviction motion under WIS. STAT. § 974.06, pro se. Bell argued that his trial counsel was ineffective for failing to meet with and interview him, for not investigating and challenging the traffic stop, for not objecting at sentencing, and for inducing his plea by promising him a particular sentence. Bell also claimed ineffective assistance of postconviction counsel for not raising trial counsel's ineffectiveness and abandoning him. The circuit court held a Machner hearing and denied Bell's motion. We affirmed. State v. Bell , No. 2009AP2281, unpublished slip op. (WI App Feb. 9, 2011).
¶3 Bell filed this WIS. STAT. § 974.06 postconviction motion in 2017, claiming that he had proof that trial counsel committed fraud by lying to the circuit court at the Machner hearing. Bell again argued that trial counsel was ineffective, that postconviction counsel was ineffective, and suggested that he had newly discovered evidence. The circuit court denied Bell's motion without a hearing. Bell appeals.
DISCUSSION
¶4 Bell argues that the circuit court erred in denying him a hearing on his motion. Although Bell's appeal addresses multiple issues, we have narrowed his arguments to two general statements: his trial counsel provided ineffective assistance and his postconviction counsel was also ineffective.[3] The law does not automatically entitle a defendant to an evidentiary hearing on his or her postconviction claims. State v. Bentley , 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996). The circuit court must conduct a hearing only if the defendant alleges "sufficient material facts that, if true, would entitle the defendant to relief," which is a question of law we review de novo. State v. Allen , 2004 WI 106, ¶¶9, 14, 274 Wis. 2d 568, 682 N.W.2d 433. The motion must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how."Id. , ¶23. If the motion does not raise sufficient facts, merely presents conclusory allegations, or if the record establishes conclusively that the defendant is not entitled to relief, the circuit court may grant or deny a hearing in its discretion, which we review for an erroneous exercise of discretion. Id. , ¶9.
¶5 Further, "[w]e need finality in our litigation." State v. Escalona-Naranjo , 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Thus, absent a sufficient reason, a defendant is precluded from bringing a claim under WIS. STAT. § 974.06 if that claim could have been raised in a prior motion or direct appeal.[4] Escalona-Naranjo , 185 Wis. 2d at 185. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." State v. Witkowski , 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). Applying these standards to the case at hand, we conclude that Bell's § 974.06 motion is either procedurally barred or Bell has failed to raise sufficient facts entitling him to relief, and, accordingly, we affirm the circuit court's order. See Allen , 274 Wis. 2d 568, ¶9 ; Witkowski , 163 Wis. 2d at 990.
Ineffective Assistance of Trial Counsel
¶6 Bell sets forth multiple arguments regarding trial counsel's ineffective assistance. First, Bell argues that trial counsel did not meaningfully consult with him prior to accepting the plea agreement. In Bell's previous WIS. STAT. § 974.06 motion, he claimed that he "was not afforded the ability to be able to sit down and talk privately with his attorney to discuss his confession or any avenues he would pursue." At the Machner hearing, Bell testified that trial counsel "never discussed anything about ... the case" and that trial counsel "never once visited me here in the county jail. The only time I ever actually talked to him was for brief moments in the bull pen right before court appearances." In contrast, trial counsel testified that he had an initial consultation where he visited Bell in jail, which was "rather extensive" and was a "face to face about [Bell's] potential or possible coercion defense." Trial counsel further testified that he and Bell "touched on a potential motion to suppress evidence" and that he would respond by letter or telephone call to Bell while he was incarcerated. At the hearing, Bell also submitted evidence of his visitor log purportedly showing that trial counsel had not visited him.
¶7 In Bell's current motion, he restates this same argument, only he now provides additional documents to support his claim that trial counsel did not visit Bell at the jail. Bell provided documentation that trial counsel visited the jail twice during the period that he represented Bell but did not meet with Bell either time. He also submitted trial counsel's billing statement to the Wisconsin State Public Defender, which showed that trial counsel did not bill for visits with Bell on either of the dates that trial counsel was at the jail. Bell argues that his "sufficient reason" for not bringing the claim previously was that he did not know that the jail kept different records for attorneys and other visitors.
¶8 None of Bell's supplemental documentation undermines trial counsel's prior testimony at the Machner hearing and does not lend any additional support to his ineffective assistance claim. The issue in the case is whether trial counsel provided Bell effective assistance of counsel, not whether he visited Bell in jail. Bell's supplemental evidence does not dispute that trial counsel had an "extensive" initial consultation with Bell-in fact the billing statement indicates that initial consultation lasted an hour and a postpreliminary hearing client consult with Bell and his family lasted 1.3 hours-or that Bell and trial counsel discussed a coercion defense and a motion to suppress or that they communicated through letters and telephone calls. As this exact issue was previously litigated in Bell's prior motion, we conclude that the circuit court properly denied Bell's motion. See Witkowski , 163 Wis. 2d at 990.[5]
¶9 Bell next argues that trial counsel was ineffective for not advising him of the State's initial plea offer, which was for "25 years total." Bell claims he would have accepted the offer had he known about it as "Wisconsin's law of a bifurcated sentence mandates that had Bell accepted the 25 year plea, at least 25 percent of the 25 years would have had to been on extended supervision," which he argues would have reduced his initial confinement time by six years. We conclude that Bell has failed to adequately plead his claim, and, in the alternative, that the record does not support a finding that he is entitled to relief.
¶10 As Bell failed to bring this claim in either his WIS. STAT. § 974.02 motion or his first WIS. STAT. § 974.06 motion, he is required to allege a sufficient reason for why he did not bring his claim previously. See Escalona-Naranjo , 185 Wis. 2d at 185. Bell claims he did not know about the offer until he obtained trial counsel's records, which he had trouble obtaining due to lack of funds, and that his postconviction counsel was ineffective for not bringing this claim in his initial § 974.02 motion. Even if we were to agree that lack of funds was a sufficient reason for failing to obtain records that existed before either motion, Bell's claim fails as "a defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought." State v. Romero-Georgana , 2014 WI 83, ¶4, 360 Wis. 2d 522, 849 N.W.2d 668. In his motion, Bell alleged in a conclusory manner that this claim is "clearly stronger," but he does not explain why. Bell's claim fails for this reason.
¶11 The record further demonstrates that Bell is not entitled to an evidentiary hearing on this issue. At the Machner hearing, trial counsel testified that he and Bell spoke on the phone about the initial plea offer "for 25 years in prison." Trial counsel continued,
I believe after I got the revised offer that I successfully negotiated for [the State] to drop his insistence on suggesting that you serve a 25-year prison term to simply leaving it up to the court how much prison time you serve, that's when you were satisfied to take the offer and to enter your guilty plea.
Bell also testified at the Machner hearing that "[t]he only thing [trial counsel] has ever talked to me about was plea agreements that the State had come with." Bell's discovery of the plea offer in the file does not contradict the testimony that trial counsel presented Bell with the State's offer.
¶12 Bell's final claim of ineffective assistance of trial counsel is multifaceted. He first argues that trial counsel failed to challenge the traffic stop and his confession to police. As an initial matter, we note that whether trial counsel failed to investigate the traffic stop and Bell's confession, and move to suppress both, and whether Bell invoked his right to remain silent were all litigated previously in Bell's first WIS. STAT. § 974.06 motion. See Bell , No. 2009AP2281, unpublished slip op. ¶¶16-23. Accordingly, he is barred from raising them again. See Witkowski , 163 Wis. 2d at 990.
¶13 Bell next argues that trial counsel should have moved to dismiss counts five and six of the original complaint as those were not crimes "known at law" and count seven for being multiplicitous. Bell claims that his codefendant successfully challenged these counts in his case, and if trial counsel had "filed a motion to dismiss these counts, they would have been dismissed," which "could have given [trial counsel] ammunition to bargain for even a more favorable plea offer." Again, Bell is required to allege a sufficient reason for not bringing this claim previously, and, as it applies to his WIS. STAT. § 974.02 motion, why this claim is "clearly stronger" than the claims that he brought. See Romero-Georgana , 360 Wis. 2d 522, ¶4 ; Escalona-Naranjo , 185 Wis. 2d at 185. Although Bell's brief-in-chief mentions this claim, he fails to make any of the required arguments. As such, Bell's claim fails.
¶14 Finally, Bell argues that he has newly discovered evidence of a police report from another officer that proves that he invoked his right to remain silent. According to Bell, the officer's report "indicates that Bell stated that he wanted to 'think' about providing a statement," which he claims "was an unequivocal and unambiguous assertion of the right to remain silent and the officers were required to 'scrupulously' honor that right."[6] To prevail on a claim of newly discovered evidence, Bell must establish four specific criteria, and if those criteria are satisfied, then the court must determine whether there is a reasonable probability that a different result would be reached at trial. State v. Love , 2005 WI 116, ¶¶43-44, 284 Wis. 2d 111, 700 N.W.2d 62.
¶15 Bell has not established these criteria, and, therefore, he is not entitled to an evidentiary hearing on his newly discovered evidence claim. Although the written police report did not turn up until after conviction, and there was a possibility that it had been destroyed, evidence pertaining to Bell's statements to police were not newly discovered. As this court previously recognized, "Bell himself knew he had made that statement. He could relate it and whatever else occurred during the interrogation to his attorney. The interview report served only to document the spoken word. Bell had access to the investigating officer to ascertain what occurred during the interrogation." See Bell , No. 2009AP2281, unpublished slip op. ¶25. Further, as trial counsel explained, he and Bell discussed a "motion to suppress either the statement or to try to suppress evidence, but after discussing it, [Bell's] decision apparently was not to file." Had he filed the motion, he could have cross-examined the officer to corroborate the fact that he wanted to "think" about making a statement.
¶16 Second, even if Bell has satisfied the first four criteria, he cannot show that without his confession there is a reasonably probability of a different outcome on retrial. As we previously explained, "[i]tems used in the robbery were recovered from the vehicle in which Bell was a passenger" and "[t]he criminal complaint reports the statement of Bell's cousin that Bell and his codefendant ... planned a bank robbery." Id. , ¶23. Thus, we conclude that "other available evidence is compelling and places the defendant in significant risk of conviction." See id.
Ineffective Assistance of Postconviction Counsel
¶17 Bell's final claim is that his postconviction counsel was ineffective for (1) lying at the Machner hearing and (2) not raising all of the above issues in his WIS. STAT. § 974.02 motion. At the hearing, postconviction counsel stated that she had a conference with trial counsel to review potential issues for appeal, but in his current motion, Bell provided counsel's billing statement, which he says, provides proof to the contrary. The billing statement is nothing more than additional evidence supporting Bell's previous claim and does not conclusively establish that postconviction counsel lied. Again, Bell previously litigated the issue of whether postconviction counsel was ineffective, and to the extent that some of the claims are new issues, he has not established that these claims are clearly stronger than the claims that Bell brought in his § 974.02 motion.[7] See Romero-Georgana , 360 Wis. 2d 522, ¶4 ; Witkowski , 163 Wis. 2d at 990. The circuit court properly denied Bell an evidentiary hearing on these issues.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

State v. Machner , 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

In order to establish ineffective assistance of counsel, a defendant must demonstrate both deficient performance and prejudice. State v. Love , 2005 WI 116, ¶30, 284 Wis. 2d 111, 700 N.W.2d 62 ; see also Strickland v. Washington , 466 U.S. 668, 687 (1984). Where a defendant claims that postconviction counsel was ineffective for not challenging trial counsel's ineffectiveness, he or she must first establish that trial counsel was actually ineffective. See State v. Ziebart , 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369.

Ineffective assistance of appellate counsel may constitute a sufficient reason. State v. Romero-Georgana , 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668.

Even if we were to conclude that Witkowski does not bar Bell's claim, we would conclude that Bell is not entitled to a hearing on his motion as he insufficiently pled his claim. For the reasons previously discussed, Bell's evidence does not establish that trial counsel's testimony at the Machner hearing was in fact false. See State v. Allen , 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433.

We note that Bell litigated a similar issue in his first Wis. Stat. § 974.06 motion, where he alleged a prosecutorial due process violation as the prosecutor failed to disclose exculpatory evidence in violation of Brady v. Maryland , 373 U.S. 83, 87 (1963). The evidence was an "interview report of the police investigation" that "the prosecution failed to turn over" "which showed that during the interrogation Bell invoked his right to remain silent." See State v. Bell , No. 2009AP2281, unpublished slip op. ¶24 (WI App Feb. 9, 2011). We explained that "[t]he interview report has subsequently been destroyed." Id. The record on appeal is not clear as to whether this "destroyed" report is the same report that Bell now presents as newly discovered evidence.

To the extent we have not addressed an argument raised by Bell on appeal, the argument is deemed rejected. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).